IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RAYMOND KIDD                                                                                               PLAINTIFF

v.                                              4:24-cv-00212-DPM-JJV

DOES; and
YELL COUNTY DETENTION FACILITY                                             DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this Recommendation.  Objections should be specific and include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.      DISCUSSION**

Raymond Kidd ("Plaintiff") is a prisoner proceeding *pro se* in this action seeking relief pursuant to 42 U.S.C. § 1983.  Early in this case, I advised Plaintiff an amended complaint would render all prior ones without any legal effect. (Doc. 2.)  Thereafter, on March 28, 2024, he filed an Amended Complaint saying:

> This Complaint is against the hold Yell County Detention Facility who has failed to provide my rights to humane treatment which provides for nourishing food, access to medical and dental care and indicated cleaning living quarters and healthy safe secure environment and also general disrespectful comments or gestures towards me as an inmate.

(Doc. 5 at 4.)  On April 2, 2024, I entered an Order pointing out the Amended Complaint's deficiencies, giving Plaintiff the opportunity to file an Amended Complaint curing them, and

advising him I would recommend the case be dismissed without prejudice if he did not do so. (Doc. 7.) Plaintiff has not amended his pleading in response to that Order, and the time to do so has expired. After careful consideration, I recommend the Amended Complaint be dismissed for failing to state a plausible claim for the following reasons.[1]

First, the only named Defendant is the Yell County Detention Facility.[2] But it is well settled a jail cannot be sued in a § 1983 action. *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *De La Garza v. Kandiyohi Cnty. Jail*, Case No. 01-1966, 2001 WL 987542 (8th Cir. Aug. 30, 2001).

Second, Plaintiff marked a box on the Amended Complaint form saying he was suing Defendants in their official capacities only. (Doc. 5 at 2.) Even if I construe this as an attempt to raise a claim against the County itself, the allegations here fall short for stating a plausible claim. As I previously explained to Plaintiff, Yell County cannot be held vicariously liable for constitutional violations committed by county employees in a § 1983 lawsuit. (*Id.*) Instead, Yell County can only be held liable if the constitutional violation resulted from: "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019). Plaintiff's broad and conclusory allegations, without any factual support, do not satisfy this requirement.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

[2] Plaintiff's first two complaints were letters that did not list a specific Defendant. (Docs. 1, 3.) Thus, the Clerk docketed the case as proceeding against Does, unknown Defendants. However, Plaintiff did not name any Doe Defendants in his most recently filed Amended Complaint. (Doc. 5.)

Third, although I have given him the opportunity to do so, Plaintiff has not clarified how he was harmed by any of the alleged constitutional violations, which is a requirement of pleading a plausible claim for relief. *See Irving v. Dormire,* 519 F.3d 441, 448 (8th Cir. 2008) ("Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation," and claims "under the Eighth Amendment require a compensable injury to be greater than *de minimis*").

## II. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Amended Complaint (Doc. 5) be DISMISSED without prejudice for failing to state a claim, and this case be CLOSED.

2. In the future, dismissal of this action be counted as a "strike" under 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 7th day of May 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

3